# Exhibit 4

FOR OFFICIAL USE ONLY



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Office of the Director*
Camp Springs, MD 20588-0009

November 21, 2025

# Memorandum

TO: Sarah Kendall, Associate Director
Field Operations Directorate

Ted Kim, Associate Director
Refugee, Asylum and International Operations Directorate

Andrew Davidson, Associate Director (A)
Fraud Detection and National Security Directorate

FROM: Joesph B. Edlow
Director

SUBJECT: **Reinterview of Certain Refugees Admitted to the United States and an Immediate Hold on Certain Refugees with a Pending I-485, Application to Register Permanent Residence or Adjust Status**

**Purpose:** Effective immediately, this memorandum directs USCIS personnel to hold all pending Form I-485, Application to Register Permanent Residence or Adjust Status (Form I-485) for aliens who were admitted as refugees (both principal and derivative refugees) from January 20, 2021, to February 20, 2025. All principal refugees admitted during this timeframe will require a review and potential re-interview to determine that they met the refugee definition as defined in 101(a)(42) of the Immigration and Nationality Act (INA) at the time of admission and to explore admissibility, including any inadmissibilities that may have existed prior to the time of admission as a refugee. In addition, all derivative refugees admitted during this timeframe will require review and potential reinterview to fully explore admissibility and whether the persecutor bar would have applied at the time of admission. This guidance specifically addresses the adjudicative hold, requirements, and process of re-interviewing the refugees.

**Background:** On January 20, 2025, the President issued Executive Order (EO) 14163, *Realigning the United States Refugee Admissions Program*, suspending the U.S. Refugee Admissions Program (USRAP) until the admission of refugees aligns with the interests of the United States. Further, EO 14163 highlights that the United States needs to ensure public safety

FOR OFFICIAL USE ONLY

www.uscis.gov

FOR OFFICIAL USE ONLY

and national security are strongly considered in the administration of the USRAP and only admit refugees who can fully and appropriately assimilate into the United States.

Throughout this evaluation phase in order to make improvements per EO 14163, USCIS has identified that from January 20, 2021, to February 20, 2025, the USRAP and USCIS potentially prioritized expediency, quantity, and admissions over quality interviews and detailed screening and vetting. USCIS is still in the process of reviewing the USRAP, removing vulnerabilities, and ensuring all refugees admitted to the United States meet the definition of a refugee as described in INA § 101(a)(42).

Given these concerns, USCIS has determined that a comprehensive review and a re-interview of all refugees admitted from January 20, 2021, to February 20, 2025, is warranted.[1] When appropriate, USCIS will also review and re-interview refugees admitted outside this timeframe. The re-interview will determine that aliens who were admitted as principal refugees met the definition of a refugee as described in INA § 101(a)(42) at the time of admission and any inadmissibilities for all refugees (including derivatives) were appropriately addressed in the initial adjudication.[2] Testimony will include, but is not limited to, the circumstances establishing past persecution or a well-founded fear for principal refugees, the persecutor bar[3], and any other potential inadmissibilities.[4] Overall, the re-interviews will confirm that adjudicators made a legally sufficient decision for the initial Form I-590, Registration for Classification as Refugee.

USCIS' top priority is to ensure that all principal refugees admitted to the United States warranted a favorable exercise of discretion and met the definition of a refugee as described in INA § 101(a)(42) at the time of admission and that all refugees (including derivatives) are admissible to the United States. In the interim to eliminate vulnerabilities, USCIS will place an adjudicative hold on all pending Form I-485 filed by refugees[5] admitted from January 20, 2021, to February 20, 2025. The hold is in place until the USCIS Director lifts the hold in a subsequent memo. Any request to lift the hold for either litigation reasons or other extreme circumstances must be approved by the USCIS Director or Deputy Director.[6]

**Discussion:** USCIS has determined the operational necessity to ensure that all principal refugees who are admitted meet the definition of a refugee and that all refugees do not pose a threat to national security or public safety. USCIS has authority to ensure a refugee was lawfully admitted and met the definition of a refugee as defined in INA § 101(a)(42) at the time of admission. USCIS has the authority to terminate refugee status as defined in INA § 207.9 if the principal refugee was not a refugee at the time of admission.[7] USCIS will also terminate the status of any refugee derivative if the principal refugee's status is terminated. The alien has no right to appeal if USCIS determines the alien failed to meet the definition of a refugee.[8] Over the past few years,

---

[1] This includes refugees who have already adjusted and are a Lawful Permanent Resident.
[2] See INA § 207.3 Waivers of Inadmissibility to confirm that the refugee who was inadmissible under INA 212(a) had an appropriate waiver.
[3] As defined in INA § 101(a)(42).
[4] See INA § 212.
[5] This includes principal refugees, derivatives, and follow-to-join refugees.
[6] Any request for an exemption to the adjudicative hold must be coordinated with the Office of Policy and Strategy.
[7] Defined as a refugee under INA § 101(a)(42)
[8] See INA § 207.9.

FOR OFFICIAL USE ONLY

it has become evident that the goal of the USRAP was to prioritize admissions over all other processes. USCIS is ready to uphold the law and ensure the refugee program is not abused.

Refugees are required to file for Adjustment of Status (AOS) one-year after admission into the United States.[9] At the time of AOS, if the applicant is determined to be inadmissible and a waiver of inadmissibility is not granted, USCIS will deny the application and notify the applicant of the reasons for the denial. Similarly, if USCIS determines that the principal refugee applicant was not a refugee at the time of admission, it will terminate refugee status for the principal refugee and any derivates refugees, resulting in denial of any Forms I-485 that have been filed. There is no appeal of the denial of a refugee-based adjustment application by USCIS; however, if the alien is placed in removal proceedings under INA § 240, the alien has the right to renew the request for permanent residence in immigration court.[10] Throughout this initiative, USCIS will look at all relevant factors at the time of AOS and ensure that USCIS is maintaining the integrity of the refugee program and making legally sufficient decisions on Form I-485.

Effective immediately, USCIS will hold all pending Form I-485 and re-interview any refugee admitted to the United States from January 20, 2021, to February 20, 2025.

Within 90 days of issuance of this memorandum, USCIS will prioritize a list for re-interview and in consultation with the Office of Policy and Strategy, issue operational guidance.

cc:
Andrew Good, Chief, Office of Policy and Strategy
David Roy, Chief Counsel (A), Office of Chief Counsel

---

[9] See 8 CFR § 209.1(a)(1).
[10] 8 CFR § 209.1(e).