**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JEAN A., *et al.*,<br><br>     *Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as<br>Secretary of Homeland Security, *et al.*,<br><br>     *Defendants*. | Case No. 3:26-cv-30031-RGS |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, DECLARATORY JUDGEMENT UNDER 5. U.S.C. § 703, AND VACATUR UNDER 5 U.S.C. § 706**

Pursuant to Federal Rule of Civil Procedure 56, Local Rule 56.1, and 5 U.S.C. § 706 Plaintiffs—refugees resettled in this country and organizations that serve them—respectfully move for partial summary judgment on Counts I-IV in their Complaint. Plaintiffs also ask this Court to vacate two Department of Homeland Security policy memoranda, *Rescission ICE Policy No. 11039.1: Detention of Refugees Admitted Under INA § 207 Who Have Failed to Adjust to Lawful Permanent Resident Status (May 10, 2010*) (Dec. 18, 2025), the "Refugee Rescission Memo," and Joseph B. Edlow & Todd M. Lyons, *Detention of Refugees Who Have Failed to Adjust to Lawful Permanent Resident Status* (Feb. 18, 2026), the "Refugee Detention Memo."

As explained in the accompanying memorandum, Defendants' Refugee Detention Policy, as set forth in the Refugee Rescission Memo and the Refugee Detention Memo, subjects over 100,000 lawfully admitted refugees to warrantless arrests and mandatory, potentially indefinite detention without statutory authority. Defendants' Refugee Detention Policy reverses decades of practice, which limited detention of refugees to the same circumstances that govern detention of

any noncitizen—that is, circumstances or conduct that render them removable. Under the Refugee Detention Policy, any lawfully admitted refugee who has not adjusted their status to lawful permanent residence after one year in the United States can be subject to warrantless arrest and indefinite detention.

The Refugee Detention Policy violates the very statute it relies on, 8 U.S.C. § 1159, fails to provide a reasoned justification for its dramatic departure from over decades of practice, and was implemented without the notice and comment procedures required under the Administrative Procedure Act (APA). Because there are no genuine disputes of material fact, and Plaintiffs are entitled to judgment as a matter of law on Counts I-IV of their Complaint, the Court should enter partial summary judgment for Plaintiffs. In addition, because Plaintiffs have demonstrated that they are entitled to partial summary judgment on their APA claims, the Court should vacate the Refugee Rescission and Refugee Detention Memos in their entireties and declare them unlawful.

In support of this Motion, Plaintiffs rely on the accompanying Memorandum of Law, the Declaration of Pedro Sepulveda in Support of Plaintiffs' Motion for Partial Summary Judgment and Class Certification and the exhibits attached thereto, and the Plaintiffs' Statement of Undisputed Facts

//

//

Dated: July 24, 2026                          By:

Ghita Schwarz (NY Bar No. 3030087)*
Guadalupe Aguirre (NY Bar No. 5536107)*
Mevlüde Akay Alp (NY Bar No. 5149653)*
Kimberly Grano  (NY Bar No. 5858808)*
Pedro Sepulveda  (NY Bar No. 6198550)*
**INTERNATIONAL REFUGEE
ASSISTANCE PROJECT**
One Battery Plaza, 33rd floor
New York, New York 10004
(646) 939-9169
gschwarz@refugeerights.org
laguirre@refugeerights.org
makayalp@refugeerights.org
kgrano@refugeerights.org
psepulveda@refugeerights.org

Dalia Fuleihan (IL Bar No. 6335082)*
**INTERNATIONAL REFUGEE
ASSISTANCE PROJECT**
P.O. Box 47611
Chicago, IL 60647
646-740-6271
dfuleihan@refugeerights.org

John Nathanson (NY Bar No. 2630697)*
Andrew Tannenbaum (NY Bar No. 3940434)*
Leila Siddiky (NY Bar No. 5225164)*
**Allen Overy Shearman Sterling US LLP**
599 Lexington Avenue
New York, NY 10022
212-848-4000
john.nathanson@aoshearman.com
andrew.tannenbaum@aoshearman.com
leila.siddiky@aoshearman.com

Emily Westridge Black (TX Bar No. 24060815)*
**Allen Overy Shearman Sterling US LLP**
300 West 6th Street
Austin, TX 78701
512-647-1909
emily.westridgeblack@aoshearman.com

*/s/ Erez Reuveni*
Erez Reuveni (CA Bar No. 264124)*
Jennie L. Kneedler (DC Bar No. 500261)*
Ryan Cooper (DC Bar No. 1645301)*
Kali Schellenberg (MA BBO No. 694875)
Steven Y. Bressler (DC Bar No. 482492)*
Robin F. Thurston (DC Bar No. 1531399)*
**DEMOCRACY FORWARD
FOUNDATION**
P.O. Box 34553
Washington, DC 20043
Phone: (202) 316-9538
ereuveni@democracyforward.org
jkneedler@democracyforward.org
rcooper@democracyforward.org
kschellenberg@democracyforward.org
sbressler@democracyforward.org
rthurston@democracyforward.org

*Counsel for All Plaintiffs*
* Admitted *pro hac vice*

Gideon J. Duke-Cohan (BBO# 716358)
**Allen Overy Shearman Sterling US LLP**
One Beacon Street
Boston, MA 02108
212-610-6353
gideon.duke-cohan@aoshearman.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this July 24, 2026, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the District of Massachusetts by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

*/s/ Erez Reuveni*
Erez Reuveni

**RULE 7.1 STATEMENT**

Prior to filing this motion, I conferred with counsel for Defendants and attempted in good faith to resolve or narrow the issues raised. The parties were unable to resolve or narrow the issues, and Defendants oppose the relief requested.

*/s/ Erez Reuveni*
Erez Reuveni
