**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JEAN A., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,<br><br>*Defendants*. | Case No. 3:26-cv-30031-RGS |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS, PURSUANT TO LOCAL RULE 56.1**

Pursuant to Local Rule 56.1, Plaintiffs submit the following response to Defendants' Response to Plaintiffs' Statement of Undisputed Facts (ECF No. 84-2). Each of Plaintiffs' initial factual assertions are copied in whole, followed by Defendants' responses, also copied in whole, and then followed by Plaintiffs' reply.

**Plaintiffs' SUF ¶ 61:**

In the days immediately following the January 9, 2026 announcement, the government began a program of arresting and detaining refugees in Minnesota who had not yet adjusted status to that of lawful permanent resident, including refugees who had applied for LPR status and whose applications had not been adjudicated. The refugees arrested and detained were arrested without warrants and without any notice of any charge of removability.

a. *U.H.A. v. Bondi*, 817 F. Supp. 3d 752, 759-60 (D. Minn. 2026); *U.H.A. v. Bondi*, 822 F. Supp. 3d 1007, 1021-22 (D. Minn. 2026).

**Defendants' SUF Response:**

Defendant does not have sufficient information to admit or deny.

**Plaintiffs' Reply:**

This statement should be deemed admitted. Plaintiffs contest Defendants' statement that they "lack sufficient information to admit or deny" since such information is within the Defendants' custody. Defendants were responsible for the implementation of the policy to arrest and detain unadjusted refugees in Minnesota, and their counsel appeared in the federal court for the District of Minnesota to defend these arrests and detentions in both individual habeas cases and a class action habeas case, *U.H.A. v. Bondi,* 817 F. Supp. 3d 753 (D. Minn. 2026). Additionally, in support of their cross-motion for partial summary judgment, Defendants are aware of and rely on at least one case—*Idle H. v. Bondi*, No. 26-CV-315 (LMP/SGE), 2026 WL 266462 (D. Minn. Feb. 2, 2026)—arising during the government's arrest-and-detention program of refugees in Minnesota. *See, e.g.,* Defs.' Opp. at 20, 26, ECF No. 84.

**Plaintiffs' SUF ¶ 62:**

Dozens of lawfully present refugees were taken without warning from their homes or cars and detained in a facility outside Minneapolis and/or flown in shackles to detention centers in Texas.

a. *U.H.A. v. Bondi*, 817 F. Supp.3d 752, 760-61 (D. Minn. 2026); *U.H.A. v. Bondi*, 822 F. Supp. 3d 1007, 1021-22 (D. Minn. 2026).

**Defendants' SUF Response:**

Defendant does not have sufficient information to admit or deny.

**Plaintiffs' Reply:**

This statement should be deemed admitted. Plaintiffs contest Defendants' statement that they "lack sufficient information to admit or deny" since such information is within the Defendants' custody. Defendants were responsible for the implementation of the policy to arrest and detain unadjusted refugees in Minnesota, and their counsel appeared in the federal court for the District of Minnesota to defend these arrests and detentions in both individual habeas cases and a class action habeas case, *U.H.A. v. Bondi,* 817 F. Supp. 3d 753 (D. Minn. 2026). Additionally, in support of their cross-motion for partial summary judgment, Defendants are aware of and rely on at least one case—*Idle H. v. Bondi*, No. 26-CV-315 (LMP/SGE), 2026 WL 266462 (D. Minn. Feb. 2, 2026)—arising during the government's arrest-and-detention program of refugees in Minnesota and which references both of Plaintiffs' cited cases listed above. *See, e.g.,* Defs.' Opp. at 20, 26, ECF No. 84.

**Plaintiffs' SUF ¶ 65:**

Several other district courts in Minnesota, ruling on individual habeas petitions of unadjusted refugees, came to similar conclusions.

a. *See, e.g., Darvin M. v. Bondi*, 817 F. Supp. 3d 740 (D. Minn. 2026); *S.M. v. Bondi*, No. CV 26-639 (JRT/DTS), 2026 WL 254582 (D. Minn. Feb. 1, 2026); *Jerson A.D.G. v. Bondi*, No. 26-516 (DWF/SGE), 2026 WL 207352 (D. Minn. Jan. 27, 2026); *Serhii L. v. Bondi*, No. 26-CV-463 (KMM/EMB), 2026 WL 184736 (D. Minn. Jan. 24, 2026); *Aleksander B. v. Trump*, No. 26-CV-170 (KMM/DJF), 2026 WL 172435 (D. Minn. Jan. 22, 2026); *Mohamednoor A. v. Bondi*, No. 26-CV-525 (ECT/ECW), 2026 WL 221926 (D. Minn. Jan. 28, 2026); *Jama A.O. v. Bondi*, 2026 WL 185767 (D. Minn., 2026); *Lah v. Bondi*, 2026 WL 184529 (D. Minn., 2026).

**Defendants' SUF Response:**

Denied.

**Plaintiffs' Reply:**

Defendants do not provide a basis for their denial of Plaintiffs' factual assertion. If Defendants believed Plaintiffs' assertion was erroneous, they were required to say so and explain why. Accordingly, the Court should consider this fact admitted. *See* Local Rule 56.1 ("A party opposing the motion shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation.").

**Plaintiffs' SUF ¶ 67:**

On February 27, 2026, the U.S. District Court in Minnesota preliminarily enjoined Operation PARRIS as a result of the lawsuit *U.H.A. v. Bondi*, No. 26-417 (JRT/DLM), (D. Minn.).

a. *See U.H.A. v. Bondi*, 822 F. Supp. 3d 1007 (D. Minn., 2026).

**Defendants' SUF Response:**

Denied.

**Plaintiffs' Reply:**

Defendants provide no basis to deny the fact that Operation PARRIS was preliminarily enjoined on February 27, 2026 as a result of the lawsuit *U.H.A. v. Bondi*, No. 26-417 (JRT/DLM), (D. Minn.). *See U.H.A. v. Bondi*, 822 F. Supp. 3d 1007 (D. Minn., 2026) (vacated by *U.H.A. v. Blanche*, No. 26-1482, 2026 WL 18463 (8th Cir. Apr. 21, 2026) (granting joint stipulation of dismissal). If Defendants believed Plaintiffs' assertion was erroneous, they were required to say so and explain why. Accordingly, the Court should consider this fact admitted. *See* Local Rule 56.1 ("A party opposing the motion shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation.").

**Plaintiffs' SUF ¶ 79:**

Other than the printout of the decision in *Idle H.*, the CAR does not include any operations with respect to the Refugee Detention Policy.

a. *See generally* ECF No. 73-19; ECF No. 73-20.

**Defendants' SUF Response:**

Admitted except object to implication that the plaintiff in *Idle H.* was detained pursuant to the Refugee Detention Policy, which was issued subsequent to that detention.

**Plaintiffs' Response:**

The Refugee Detention Policy consists of both the Refugee Rescission Memo dated December 18, 2025 (Rescission ICE Policy No. 11039.1: Detention of Refugees Admitted under INA § 207 Who Have Failed to Adjust to Lawful Permanent Resident Status) and the Edlow Memo issued on February 18, 2026, which states that "DHS rescinded the 2010 [ICE] Policy on December 18, 2025" and further states that "DHS rescinds them anew." The petitioner in *Idle H.* was arrested on January 12, 2026, see 2026 WL 266462 at *1, ECF No. 73-19 at 85; ECF No. 73-20 at 85, after issuance of the Refugee Rescission Memo.

Dated: October 15, 2026 By:

/s/ Pedro Sepulveda
Pedro Sepulveda (NY Bar No. 6198550)*
Ghita Schwarz (NY Bar No. 3030087)*
Guadalupe Aguirre (NY Bar No. 5536107)*
Mevlüde Akay Alp (NY Bar No. 5149653)*
Kimberly Grano (NY Bar No. 5858808)*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
One Battery Plaza, 33rd floor
New York, New York 10004
(646) 939-9169
psepulveda@refugeerights.org
gschwarz@refugeerights.org
laguirre@refugeerights.org

Erez Reuveni (MA BBO No. 666769)
Jennie L. Kneedler (DC Bar No. 500261)*
Ryan Cooper (DC Bar No. 1645301)*
Kali Schellenberg (MA BBO No. 694875)
Steven Y. Bressler (DC Bar No. 482492)*
Robin F. Thurston (DC Bar No. 1531399)*
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
Phone: (202) 316-9538
ereuveni@democracyforward.org
jkneedler@democracyforward.org
rcooper@democracyforward.org
kschellenberg@democracyforward.org

makayalp@refugeerights.org
kgrano@refugeerights.org
mhauptman@refugeerights.org

Dalia Fuleihan (IL Bar No. 6335082)*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
P.O. Box 47611
Chicago, IL 60647
646-740-6271
dfuleihan@refugeerights.org

John Nathanson (NY Bar No. 2630697)*
Andrew Tannenbaum (NY Bar No. 3940434)*
Leila Siddiky (NY Bar No. 5225164)*
**ALLEN OVERY SHEARMAN STERLING US LLP**
599 Lexington Avenue
New York, NY 10022
212-848-4000
john.nathanson@aoshearman.com
andrew.tannenbaum@aoshearman.com
leila.siddiky@aoshearman.com

Emily Westridge Black (TX Bar No. 24060815)*
**ALLEN OVERY SHEARMAN STERLING US LLP**
300 West 6th Street
Austin, TX 78701
512-647-1909
emily.westridgeblack@aoshearman.com

Gideon J. Duke-Cohan (BBO# 716358)
**ALLEN OVERY SHEARMAN STERLING US LLP**
One Beacon Street
Boston, MA 02108
212-610-6353
gideon.duke-cohan@aoshearman.com

sbressler@democracyforward.org
rthurston@democracyforward.org

*Counsel for All Plaintiffs*

* Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on this October 15, 2026, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the District of Massachusetts by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

*/s/ Pedro Sepulveda*
PEDRO SEPULVEDA